NOT DESIGNATED FOR PUBLICATION

No. 122,076

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN HENRY SETTGAST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 25, 2020.
Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Alexander C. Driskell*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and POWELL, JJ.

PER CURIAM: John Henry Settgast pled no contest to one count of possession of methamphetamine. Before sentencing, Settgast moved for a dispositional departure or, in the alternative, a downward durational departure. At sentencing, the district court denied his motion for a dispositional departure but granted a downward durational departure.

On appeal, Settgast contends the district court abused its discretion because no reasonable person would agree with the court's decision denying his motion for a

1

dispositional departure. Upon our review, we conclude that Settgast has failed to meet his burden of proving an abuse of discretion by the district court. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2019, Settgast pled no contest to one count of possession of methamphetamine, a nonperson severity level 5 felony. Before sentencing, Settgast moved for a dispositional departure or, in the alternative, a downward durational departure. In his motion, Settgast contended a departure was warranted based on nine factors: (1) the amount of methamphetamine found was a residual amount; (2) he was willing to participate in drug and alcohol treatment; (3) his two prior felony convictions were 7 and 19 years old; (4) he was remorseful; (5) he accepted responsibility by pleading to the charge; (6) he was gainfully employed; (7) he would not jeopardize public safety; (8) the totality of the circumstances supported a departure; and (9) placing him on probation would serve the Kansas Sentencing Guidelines Act's (KSGA) goal of reducing prison overcrowding.

At sentencing, without objection, the district court found that Settgast had 22 prior convictions, which resulted in a criminal history score of A. Under the KSGA, for a conviction of possession of methamphetamine, this criminal history score would result in a presumptive prison sentence of 37, 40, or 42 months. Of note, under terms of the plea agreement between the parties, the State agreed not to oppose Settgast's motion for a durational departure.

The sentencing hearing was held in conjunction with a probation revocation hearing in a prior criminal case. In the prior case, the State alleged that Settgast failed to report to his intensive supervision officer (ISO), failed to submit to drug and alcohol testing, failed to refrain from possessing or consuming drugs or alcohol, failed to comply

2

with curfew, and violated the law. Settgast admitted to the probation violations and the district court found he had violated his probation in the prior case.

Regarding the sentencing hearing on the current case, Settgast's counsel reprised his arguments from his written motion in arguing for a dispositional departure from presumptive prison to probation. For its part, the State opposed a departure to probation because Settgast was currently serving a felony probation in the prior case (which was also the result of a sentencing departure) and he had not been reporting to his ISO. Settgast's ISO addressed the district court and advised that Settgast's wife had tested positive for methamphetamine following a visit from Settgast at a nursing home. According to the ISO, "[H]e needs to own up to all of his behaviors, and I believe that he needs to be revoked."

After considering Settgast's departure motion and arguments of counsel in the current case, the district court found substantial and compelling reasons to grant Settgast's request for a durational departure. In particular, the district court found the amount of methamphetamine was only residue, a drug and alcohol treatment program was available, Settgast's prior convictions were several years old, he showed remorse, and accepted responsibility. As a result, Settgast was ordered to serve a reduced prison sentence of 20 months.

The district court, noting that Settgast was on probation based upon a departure in the prior case, denied Settgast's motion for a dispositional departure, finding there were no "substantial compelling reasons to depart dispositionally to probationary status." The district court then revoked Settgast's probation in the prior case, finding that he was not amenable to probation based on the new violation of law in the methamphetamine case, Settgast's past performance on probation, and his failure to report while on probation. Settgast was ordered committed to the custody of the secretary of corrections to serve consecutive sentences in the two criminal cases.

Settgast appeals the denial of his motion for a dispositional departure.

ANALYSIS

On appeal, Settgast contends the district court abused its discretion because "no reasonable person would have taken the view adopted by the trial court." Settgast posits two reasons. First, he argues that he "met five approved non-statutory [departure] factors." Second, he contends that placing him on probation "would have better served the purposes of the [KSGA]." In response, the State argues the district court did not abuse its discretion because it was not unreasonable to grant a durational departure and deny a dispositional departure.

An appellate court reviews the extent of a district court's departure sentence for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if (1) no reasonable person could take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting an abuse of judicial discretion, Settgast bears the burden of showing it. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). Settgast does not argue that the district court made a factual or legal error. Instead, he simply argues that no reasonable person would have denied his request for a dispositional departure.

A sentencing court must impose a defendant's presumptive sentence, unless it "finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2019 Supp. 21-6815(a). A reason is substantial if it is real and of substance, as opposed to being imagined and ephemeral. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015). Reasons are compelling when the facts of the case force the court to abandon the status quo and impose a sentence that it would ordinarily not impose. 302 Kan. at 250.

4

Under K.S.A. 2019 Supp. 21-6815(c), a district court may consider both mitigating and aggravating factors when determining whether substantial and compelling reasons exist for a departure sentence. Reasons which may justify a departure in one case may not justify a departure in every case. Instead, courts must review the crime and the departure factors as a whole to determine whether a departure is justified. 302 Kan. at 250.

In the present case, the record shows that the district court considered Settgast's proffered substantial and compelling reasons for a departure sentence when it chose to depart by imposing a reduced 20-month prison sentence. Yet, the district court concluded these reasons were not sufficient to grant a dispositional departure.

Settgast cites several Kansas appellate court cases in support of his reliance on "approved non-statutory factors for departure." Settgast's reliance on Kansas precedent, however, is misplaced because these cases merely approved of a district court's consideration of certain non-statutory factors. These cases do not stand for the proposition that whenever some or all these factors are present, the district court must grant a departure. See 302 Kan. at 250.

A reasonable person could agree with the district court's decision to deny Settgast's request for a dispositional sentencing departure to probation. There was substantial competent evidence to show that Settgast was not amenable to a new probation given his poor performance while on probation in his prior case. First, Settgast committed his latest crime—possession of methamphetamine—while on probation. Second, he failed to report to his ISO. Third, he failed to submit to testing. Fourth, he failed to refrain from possessing or consuming drugs or alcohol. Fifth, Settgast violated his curfew. Sixth, Settgast's ISO asked the district court to revoke his probation due to noncompliance.

These facts show that while Settgast merited a durational departure sentence, given his poor performance while on probation in his prior case, there were no substantial and compelling reasons in this case to depart from the presumptive prison sentence provided for by the KSGA. Quite simply, Settgast has failed to prove the district court abused its discretion in denying his motion for a dispositional departure.

Affirmed.